## Bonetti v. Northwest Polish American Citizens Association of Philadelphia (No. 1)

*Joseph Singer,* for plaintiff.

*Maxwell Pestcoe* and *Benjamin L. Long,* for defendant.

BURKE, Deputy Prothonotary, May 4, 1954. — On Tuesday, April 20, 1954, at 2:30 p.m., a hearing for the purpose of taxing costs in the above matter was held by the deputy prothonotary, at which hearing were present: Joseph Singer, Esq., for plaintiff, and Maxwell Pestcoe, Esq., for defendant.

Plaintiff's bill of costs consists of items connected with the attendance of one witness, and defendant ex-

cepts to the payment of these items on the ground that the witness, Joseph N. Bongiovanni, is a lawyer who is a member of the bar of the court in which the case was tried. He cites the case of McWilliams v. Hopkins (1 Wharton 276), decided in 1836, in which the Supreme Court of Pennsylvania held that members of the bar are not entitled to witness fees for attendance in a court in which they actually practice. The reasoning behind this decision is that a lawyer normally is present in court in the course of his daily business and therefore it is not proper for him to receive compensation for services which he does not have to go out of his way to perform.

The above reasoning may have been valid in 1836, especially in rural or semi-rural communities, but under conditions existing today in a large urban center such as Philadelphia, they simply do not prevail. Lawyers are not "always present" in court. In Philadelphia there are seven courts of common pleas, a municipal court with several divisions, a court of quarter sessions, an orphans' court, a United States district court and Court of Appeals, as well as a wide variety of State, municipal and Federal agencies before which attorneys are in frequent attendance. These courts are simultaneously in operation. It is hardly possible for every attorney to be present every day in each court, although members of the bar are entitled to practice in each court. Also, the approximately 4,000 lawyers who are members of the Philadelphia bar have offices in all sections of the city, many at a considerable distance from the court house. A decision based on conditions prevailing over a century ago has lost most of its meaning and significance in the present day. Therefore, this exception will be dismissed.

The second exception is based on the fact that the bill of costs is verified by Joseph Singer as attorney for plaintiff. Exceptant declares that according to his

advice Singer is not plaintiff's attorney of record. In this connection, it is appropriate to cite Common Pleas Rule *308(*a*), which reads in part: ". . . The bill shall be verified by the affidavit of the party filing it, or his *agent* or attorney, . . ." (Italics supplied.) Therefore, it would seem that the verification need not be made by the attorney of record of the party filing the bill, and the exception will be dismissed.

Costs are taxed as stated in the bill, namely, $8.50.